a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| RICHE JAHKEEN GHIRAWOO #A099280583, Plaintiff | CIVIL DOCKET NO. 1:22-CV-06142 SEC P |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| U S IMMIGRATION & CUSTOMS ENFORCEMENT ET AL, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is the Government's Motion to Dismiss (ECF No. 12) a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by pro se Petitioner Riche Jahkeen Ghirawoo ("Ghirawoo"). At the time of filing the Petition, Ghirawoo was a detainee in the custody of U.S. Immigration and Custom Enforcement ("ICE") in Jena, Louisiana. ECF No. 1. Ghirawoo asserts that his continued detention is unlawful.

Because Ghirawoo has been released, the Motion to Dismiss should be GRANTED and the Petition DISMISSED WITHOUT PREJUDICE.

I. **Background**

Ghirawoo is a native and citizen of St. Lucia. ECF No. 1-2 at 2. He became a lawful permanent resident on July 11, 2005. ECF No. 10-1 at 2. Ghirawoo was convicted of aggravated assault with intent to commit a felony in Florida on July 25,

2016.  Ghirawoo completed his four-year sentence and was taken into ICE custody on December 15, 2021.  ECF No. 1, 10-1.

On February 28, 2022, Ghirawoo was ordered removed, and the Order became final because he did not seek further review.  *Id.*  Ghirawoo alleges that he has fully cooperated with ICE's efforts to remove him, but St. Lucia refuses to issue a travel document for his removal.  ECF No 1-2 at 3.  He claims that he was notified by the Consulate that "they have no record of him – that travel documents will not be issued."  *Id.*  Therefore, Ghirawoo concludes that his continued detention is unlawful under *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

In its Motion to Dismiss (ECF No. 12), the Government asserts that Ghirawoo was released from custody under an Order of Supervision on March 3, 2023.  ECF No. 12-2 at 2.  Ghirawoo has not opposed the Government's Motion.  Documents sent to Ghirawoo by the Clerk of Court have been returned as undeliverable due to Ghirawoo's release.  ECF Nos. 14, 15.

II. Law and Analysis

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'"  *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980).  A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).  The case-or-controversy requirement "subsists through all stages of federal judicial proceedings, trial and appellate."  *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted).  The

2

parties must continue to have a "personal stake in the outcome" of the lawsuit. *Id.* Therefore, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.*

Ghirawoo has received the relief requested. Because he is not in custody, the § 2241 Petition is moot. *See Dien Thanh Ngo v. Johnson*, 3:19-CV-976, 2019 WL 3468909 (N.D. Tex. July 17, 2019) (collecting cases), *report and recommendation adopted*, 2019 WL 3459817 (N.D. Tex. July 31, 2019). If a controversy is moot, the court lacks subject matter jurisdiction. *Carr v. Saucier*, 582 F.2d 14, 16 (5th Cir. 1978) (citing *North Carolina v. Rice*, 404 U.S. 244, 246 (1971); *Locke v. Board of Public Instruction*, 499 F.2d 359, 363-364 (5th Cir. 1974)).

III. <u>Conclusion</u>

Because Ghirawoo has been released, IT IS RECOMMENDED that the Motion to Dismiss (ECF No. 12) be GRANTED and the Petition be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and

Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on April 20, 2023.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE